UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL EDDY COLEGROVE,<br><br>    Petitioner,<br><br>    v.<br><br>M. GUMBUA, Warden,<br><br>    Respondent. | Case No. 23-cv-03874 BLF (PR)<br><br>**ORDER OF PARTIAL DISMSISAL AND TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state sentence out of Santa Cruz County Superior Court in 2009. Dkt. No. 1 at 2. The matter was reassigned to the undersigned on October 13, 2023. Dkt. No. 9. Petitioner has paid the filing fee. Dkt. No. 12.

**DISCUSSION**

**I.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Analysis

Petitioner claims that his sentence is unconstitutional because it is grossly disproportionate, resulting in cruel and unusual punishment under the Eighth Amendment. Dkt. No. 1 at 3. Petitioner also alleges that if he had been correctly informed that he faced a potential sentence of more than 48 years, he would have accepted a plea offer for 15 years. *Id.* at 5-6. These claims are cognizable under § 2254, and merit an answer from Respondent. *See Graham v. Florida*, 560 U.S. 48, 59 (2010) (Eighth Amendment claim for sentences as disproportionate to the crime); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (ineffective assistance of counsel claim in rejecting a plea bargain on advice of counsel cognizable under *Strickland*).

Petitioner also claims the trial court committed two sentencing errors under the state constitution and statutes and again asserts disproportionality. Dkt. No. 1 at 7-12. The issue of disproportionality has already been raised under the Eighth Amendment. Petitioner specifically asserts that the trial court erred in sentencing him under Penal Code section 667.6(c) rather than section 1170.1, to impose consecutive rather than concurrent sentences, and that under state law, the trial court was required to state its reason for its sentencing choice. *Id.* at 12. State law may guarantee a defendant certain procedural rights at sentencing which may not be arbitrarily denied under due process. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (defendant may not be arbitrarily denied state-created liberty interest in sentencing procedure); *Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993) (when state provides specific method for determining whether certain sentence shall be imposed, "'it is not correct to say that the defendant's interest' in merely having that method adhered to 'is merely a matter of state procedural law'") (citation omitted), *cert.*

*denied*, 513 U.S. 914 (1994). In contrast, a federal court may not review a claim that a state court failed to state its reasoning for a particular sentence pursuant to state law when the sentence imposed was clearly within its discretion. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (failure to abide by state requirement that trial court state reasons for sentencing consecutively does not rise to level of federal habeas due process claim), *cert. denied*, 514 U.S. 1026 (1995); *Branch v. Cupp*, 736 F.2d 533, 536 (9th Cir. 1984) (same), *cert. denied*, 470 U.S. 1056 (1985). Federal courts must defer to the state courts' interpretation of state sentencing laws. *See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Here, Petitioner's claim that the trial court failed to state its reasoning under state law in exercising its discretion to sentence him under one statute over another fails to rise to the level of a constitutionally protected liberty interest to state a due process claim. Accordingly, this claim must be dismissed for failure to state a cognizable claim for habeas relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's claim that the trial court erred in applying state law at sentencing is DISMISSED for failure to state a cognizable claim for habeas relief. This action shall proceed on Petitioner's Eighth Amendment disproportionality claim and ineffective assistance of counsel claim.

2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

3.   Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  __November 21, 2023_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism. and to Show Cause
PRO-SE\BLF\HC.23\03874Colegrove_osc