UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL EDDY COLEGROVE,<br><br>　Petitioner,<br><br>　v.<br><br>M. GUMBUA, Warden,<br><br>　Respondent. | Case No. 23-cv-03874 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY** |

　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence out of Santa Cruz County Superior Court in 2009. Dkt. No. 1. Respondent filed a motion to dismiss the petition as second or successive. Dkt. No. 14. Petitioner did not file an opposition although given an opportunity to do so.

　　　For the reasons set forth below, Respondent's motion is GRANTED.

**I. BACKGROUND**

　　　In 2009, Petitioner was found guilty by a jury in Santa Cruz County Superior Court of seven counts of forcible oral copulation, three counts of forcible penetration by a foreign object, six counts of forcible rape, eight counts of oral copulation of a person under

the age of 18, and six counts of unlawful sexual intercourse with a minor more than three years younger than petitioner. Dkt. No. 14 at 1-2, citing *People v. Colegrove*, 2011 WL 5119121, at *1 (Cal.Ct.App. 2011). The trial court sentenced Petitioner to 64 years in state prison. *Id.*

In 2011, the California Court of Appeal affirmed the judgment and denied a petition for writ of habeas corpus. Dkt. No. 14 at 2, citing *People v. Colegrove*, 2011 WL 5119121. In 2012, the California Supreme Court denied petitions for review filed in the appeal and habeas cases, and also denied a separately filed petition for writ of habeas corpus. *Id.*; https://appellatecases.courtinfo.ca.gov (case nos. S198496, S198528, S198529).

In 2013, Petitioner filed a federal habeas petition in this Court which denied the petition on the merits in 2015. *Colegrove v. Hoshino*, No. 13-cv-00096 BLF, 2015 WL 269882 (N.D. Cal. 2015). In 2016, the Ninth Circuit affirmed this Court's denial of habeas relief. *Colegrove v. Hoshino*, 637 F.App'x 400 (9th Cir. 2016).

On August 2, 2023, Petitioner filed the instant habeas action, challenging the same state criminal judgment he challenged in his previous federal habeas petition. Dkt. No. 1 at 2, 16-19. On November 1, 2023, the Court ordered Respondent to file a response to the petition. Dkt. No. 13.

## II.  DISCUSSION

A.  **Motion to Dismiss**

A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The district court is "without power" to entertain a second or successive

petition unless the petitioner first receives authorization from the court of appeals. *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

Respondent argues that the instant habeas petition must be dismissed because it is second or successive, and Petitioner does not allege that he has obtained authorization from the Ninth Circuit Court of Appeal to proceed with a second or successive petition challenging his 2009 conviction. Dkt. No. 14 at 3. Respondent also asserts that a search of the Ninth Circuit's online docketing systems shows that no other case besides Petitioner's previous 2015 appeal. *Id.*; *see supra* at 2.

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). There is no dispute that the instant petition meets both these requirements. Accordingly, the Court finds that the new claims raised in this action challenges the same conviction challenged in a prior federal habeas action and is therefore subject to 28 U.S.C. § 2244(b)(3)(A). As Respondent correctly asserts, Petitioner is required to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a renewed challenge to his state conviction based on new facts, claims or law. Petitioner has not presented such an order from the Ninth Circuit of Appeals. Accordingly, the instant petition must be dismissed in its entirety as second and successive.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 14. The instant petition for a writ of habeas corpus is

**DISMISSED** as second or successive.  28 U.S.C. § 2244(b)(3)(A).  Petitioner may file another petition in this Court only if he obtains the necessary order from the Ninth Circuit.

No certificate of appealability is warranted in this case.  *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated:  _July 24, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Denying COA
PRO-SE\BLF\HC.23\03874Colegrove_grant-mtd(sec&succ)